IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

ROGER CHAVEZ,

      Plaintiff,

v.

MERCANTIL COMMERCEBANK, N.A.,

      Defendant.

_____/

## MCB'S NOTICE OF REMOVAL

Defendant Mercantil Commercebank, N.A. ("MCB"), and pursuant to 28 U.S.C. §§ 1331 and 1441(a) and 12 U.S.C. § 632, hereby gives notice that it has removed this action from the Circuit Court in and for Miami-Dade County, Florida to this Court.  The grounds supporting removal and this Court's jurisdiction are as follows.

      1.      This action was commenced on August 6, 2010 by the filing of a Complaint in an action styled *Hector Chavez v. Mercantil Commercebank, N.A.*, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-42960 (CA 03).

      2.      MCB was served with the Summons and Complaint on August 10, 2010.  This removal is therefore timely under 28 U.S.C. § 1446(b) and 12 U.S.C § 632.[1]

      3.      According to the Complaint and as is otherwise established by the undisputed facts:

            (a)      MCB is a national banking association.  *See* Complaint ¶ 2.

---

[1] Section 632 permits removal at any time before trial in the state court.  Section 1446(b) permits removal within 30 days of service of the defendant. Removal is timely under both provisions.

(b)     Chavez, a customer of MCB, claims that MCB improperly executed an unauthorized payment order purportedly signed by him but which he did not sign.  *Id*. at ¶¶ 4-8.

(c)     The payment order which Chavez refers to in the Complaint, and a copy of which is attached hereto as Exhibit A (as redacted), and the MCB confirmation of the funds transfer, a copy of which is attached hereto as Exhibit B (as redacted), show that on February 7, 2010, MCB effected a wire transfer from Miami, Florida to the named beneficiary, Nilda Margarita Fernandez Campillo, to the benificiary's bank, Banco BHD, S.A., located in Santo Domingo, Dominican Republic. This case therefore involves a dispute concerning an international wire transfer transaction.

4.     12 U.S.C. § 632 provides in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law. Such removal shall not cause undue delay in the trial of such case and a case so removed shall have a place on the calendar of the United States court to which it is removed relative to that which it held on the State court from which it was removed.

5.     The transaction giving rise to the Complaint involves international banking and MCB is a national bank.  Accordingly, this Court has original jurisdiction over the subject matter of this action pursuant to 12 U.S.C. § 632, and this action may be removed to this Court.  *See, e.g., CI Intern. Fuels, Ltda. v. Helm Bank, S.A.*, --- F.Supp.2d ----, 2010 WL 1676355 (S.D.Fla.

2

Aug. 26, 2010) (action against beneficiary's banks concerning alleged unauthorized funds transfers sent from Panama to Miami was properly removed by one of the defendant banks under § 632, even though removing defendant was not national bank and did not receive unanimous joinder by co-defendants); *Warter v. Boston Securities, S.A.*, 2004 WL 691787 *6-7 (S.D.Fla. 2004) (and cases cited) (providing that international wire transfers constitute banking activities covered by 12 U.S.C. § 632 and action was properly removed under § 632); *Hernandez Perez v. Citibank, N.A.*, 328 F.Supp.2d 1374 (S.D.Fla. 2004) (action seeking a bill of discovery against a national bank involving certificates of deposit that originated in Citbank's branch in Cuba was within § 632 and properly removable).

6.      Attached to this Notice of Removal is a duplicate copy of each of the documents that has been served upon MCB and all other documents filed in the removed action through the date of filing this Notice as follows:

(a)     Summons as to MCB;

(b)     The Complaint;

(c)     Chavez' First Request for Production; and

(d)     MCB's motion for enlargement of time to respond to Complaint.

7.      In accordance with 28 U.S.C. § 1446(d), MCB will promptly serve a copy of MCB's Notice of Removal on counsel to Chavez and file a copy with the Clerk of the Court for Miami-Dade County, Florida in which the state court action was filed.

WHEREFORE, MCB hereby invokes this Court's removal jurisdiction based on jurisdiction pursuant to 12 U.S.C. § 632.

GARBETT, STIPHANY, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 • TELEPHONE (305) 579-0012

**GARBETT, STIPHANY, ALLEN & ROZA, P.A.**
Attorneys for MCB
Brickell Bayview Centre, Suite 3100
80 SW 8th Street
Miami, Florida 33130
Tel.:  (305) 536-8861
Fax:  (305) 579-4722
Email:  dgarbett@lbgslaw.com
Email:  jperkins@gsarlaw.com


By:      _____/s/ David S. Garbett_____
         David S. Garbett, FBN 356425
         Joseph Perkins, FBN 41875

## CERTIFICATE OF SERVICE

I certify that a copy hereof was furnished to Robert G. Post, Esq., Post and Romero, P.A.,

counsel to Chavez, 3195 Ponce de Leon Blvd., Suite 400, Coral Gables, FL 33134 by mail this

8th day of September, 2010.

                    _____/s/ David S. Garbett_____
                    David S. Garbett


v:\1978\055\pleadings usdc\notice of removal federal dsg final.doc

4

# EXHIBIT A

**MCB's Notice of Removal**

*Roger Chavez v. Mercantil Commercebank, N.A.*

**U.S. District Court for the Southern District of Florida**

**Case No.  _____**

02/07/2008   10:15   MERCANTIL COMMERCE BANK DORAL BR → 1665                    NO.989   0001

**Mercantil** )
Commercebank

2008 FEB 2008 FEB -7 AM 11:   WIRE TRANSFER SERVICES FAX NUMBER   **100460**

Today's Date: *Fecha de Hoy*
02-06-08

To expedite your wire transfer orders, please refer to this number to send all your requests.

Para procesar sus órdenes de transferencias de fondos, por favor utilice este número para enviar todas sus solicitudes.

## Wire Transfer Request / Solicitud de Transferencia de Fondos

### CUSTOMER INFORMATION  Información del Cliente

Name as it appears on your account: *Nombre como Aparece en su Cuenta*
ROGER A. CHAVEZ

Account Number: *Número de Cuenta*
████████

### FINAL DESTINATION OF FUNDS  Destino final de los fondos

Currency Type: *Tipo de Moneda o Divisa*
DOLARES

Amount: *Monto*
329,500.00

Written Amount: *Monto Escrito*
TRECIENTOS VEINTINUEVE MIL QUINIENTOS EXACTOS

Receiving Institution: *Institución Receptora*
BANCO BHD, S.A.

ABA Number: *Número de ABA*

City: *Ciudad*
SANTO DOMINGO

SWIFT Code: *Código de SWIFT*
BCBHDOSAXXX

Country: *País*
REPUBLICA DOMINICANA

Beneficiary Name and Address: *Nombre y Dirección del Beneficiario*
NILDA MARGARITA FERNANDEZ CAMPILLO
SANTO DOMINGO - REPUBLICA DOMINICANA

Beneficiary Account Number: *Número de Cuenta del Beneficiario*
████████

Other Information: *Información Adicional*
BANCO INTERMEDIARIO:
BANK OF AMERICA
ABA: 026009593
SWIFT: BOFAUS3MXXX
CUENTA: 1901533475

Lothar Ewbank
2-LP-266

A/B: 498.048.49
REQ. CONFIRMED BY: Roger Chavez
REQ. CONFIRMED WITH: Kessling G

F.T.A on File

Sincerely,
*Atentamente,*
ROGER CHAVEZ
Signature / *Firma*

Name of Signer(s): *Nombre y Apellido del Firmante(s)*
ROGER A. CHAVEZ

TALIA I. PINA
2-TP-143
Member FDIC / *Miembro*

### WIRE VERIFICATION

Verified By _____   Br. _____
Date _____   Time _____
Contact _____
☐ D.O.B   ☐ Last Deposit / ☐ Account Balance
☐ Auth. Form in File:   ☐ Yes ☐ No ☐ Other Requested

T.R.N.

VERIFIED
INSTR.

# EXHIBIT B

**MCB's Notice of Removal**

*Roger Chavez v. Mercantil Commercebank, N.A.*

**U.S. District Court for the Southern District of Florida**

**Case No.  _____**

 # MERCANTIL GROUP'S WIRE-TRACKER

## Pay$tar Wire Activity Inquiry

Click here to view accounting info

| | | | | | |
|---|---|---|---|---|---|
| **Wire #** | 080207130054HY00 | | **Customer Name** | ROGER ANTONIO CHAVEZ | |
| **Sender ABA:** | 067010509 | **Sender Name:** | MERCANTIL COMMERCE | **Ref No:** | 080207130054HY00 |
| **Recvr ABA:** | 026009593 | **Recvr Name:** | BK AMER NYC | **Ref for Beneficiary:** | |
| **Imad:** | 20080207F6B7042C000465 | | | **Isn:** | |
| **Omad:** | | | | **Osn:** | |

| | | | | | |
|---|---|---|---|---|---|
| **Date:** | 2/7/2008 | **Transaction Type:** | FED | **Status:** | COMPLETE |
| **Wire Amount:** | $329,500.00 | **Account No:** | ▉▉▉▉▉ | | |

**Originator**
8302738312
ROGER ANTONIO CHAVEZ
4TA AV CON CLL 13 EDF CAPOI P3
SAN FELIPE YARACUY
EDO YARACUY VENEZUELA

**Beneficiary**
▉▉▉▉▉
NILDA MARGARITA FERNANDEZ CAMPILLO
SANTO DOMINGO, REP. DOMINICANA

**Originator Bank**

**Beneficiary Bank**
1901533475
BANCO BHD, S.A.
SANTO DOMINGO, REP. DOMINICANA

**Intermediary Bank**

**Instructing Bank**

**Bank To Bank Information**

**Originator Bank Information**

**Receiver Bank Information**

**Intermediary Bank Information**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ROGER CHAVEZ,

      Plaintiff,

GENERAL JURISDICTION DIVISION

CASE NO:

vs.

10 - 4 2 9 6 0 CA03

MERCANTIL COMMERCEBANK,
N.A.,

      Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA

To All and Singular Sheriffs of the State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or petition in this action on Defendant:

### MERCANTIL COMMERCEBANK, N.A.

      By serving its President, or Vice President, or in their absence a Cashier, Treasurer, Secretary or General Manager or any other agent authorized to accept service at:

### 220 Alhambra Circle
### Coral Gables, FL 33134

      Each Defendant is required to serve written defenses to the Complaint or petition upon Plaintiff's attorney, to wit:

whose address is:

ROBERT G. POST, ESQ.
**POST & ROMERO**
3195 Ponce de Leon Blvd., #400
Coral Gables, Florida  33134

*CASE NO:*

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on this AUG 0 6 2010 day of _____, 2010.

HARVEY RUVIN
as Clerk of Said Court

By: _____ *Sharon Moore*
As Deputy Clerk

(Court Seal)

*In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in a proceeding held in a court facility should call court ADA coordinator (305)375-2006 no later than seven days prior to the proceeding. If hearing impaired, call (305)375-2007 or 1-800-955-8771. For persons needing a special accommodation to participate in a proceeding held in the office of the undersigned counsel, contact the undersigned attorney (305)667-0933 for assistance; if hearing impaired, telephone (375-2007)*

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ROGER CHAVEZ,

      Plaintiff,

GENERAL JURISDICTION DIVISION

CASE NO:   10 - 4 2 9 6 0 CA 03

vs.

MERCANTIL COMMERCEBANK,
N.A.,

      Defendant.

_____/

### COMPLAINT

      COMES NOW the Plaintiff ROGER CHAVEZ, by and through his
undersigned counsel, and sues the Defendant MERCANTIL COMMERCEBANK,
N.A., and alleges as follows:

      1.     This is an action for damages in excess of $15,000 exclusive of
interest and costs.

      2.     Defendant MERCANTIL COMMERCEBANK, N.A. ("BANK") is a
national banking association doing business in Miami-Dade County, Florida.

      3.     At all times relevant hereto the Plaintiff maintained an account with
the Defendant BANK.

      4.     On or about February 7, 2008 the Defendant BANK, apparently
relying on a wire transfer request form purportedly executed in person at the BANK
by Plaintiff, wire transferred the sum of $329,500 from the Plaintiff's account to the
account of an unknown third party.

      5.     The Plaintiff did not sign the wire transfer request form and did not
authorize anyone to sign it on his behalf.

6.     The wire transfer request form was not effective as the order of Plaintiff and constituted a forgery.

7.     Immediately after learning of the unauthorized transfer Plaintiff notified the Defendant BANK of same and demanded that his account be recredited for the amount improperly transferred, which the Defendant BANK refused.

8.     The wire transfer of $329,500 from Plaintiff's account was unauthorized, improper and in violation of the Defendant BANK's obligations to its customer. It was also in violation of the applicable provisions of the Uniform Commercial Code, including, but not limited to, F.S. §670.204.

9.     As a direct and proximate result of the BANK's actions the Plaintiff has been damaged in the sum of $329,500, together with appropriate interest.

10.     By reason of the Defendant BANK's refusal to recredit Plaintiff's account, Plaintiff has been compelled to retain the services of the undersigned counsel and has agreed to pay counsel a reasonable fee for their services. Pursuant to F.S. §670.305(5), Defendant is liable for same.

11.     All conditions precedent, if any, to the maintenance of this action have occurred and/or have been waived.

WHEREFORE the Plaintiff ROGER CHAVEZ demands judgment against the Defendant MERCANTIL COMMERCEBANK, N.A, for damages of no less than $329,500 together with interest, costs, reasonable attorney's fees and such other and further relief as to the Court may seem just and proper.

*CASE NO:*

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

DATED this __4TH__ day of August, 2010.

**POST & ROMERO**
Attorneys for the Plaintiff
3195 Ponce de Leon Blvd.
Suite 400
Coral Gables, Florida 33134
Telephone:  (305) 445-0014
Facsimile:  (305) 445-6872

By: _____
      ROBERT G. POST, ESQ.
      Florida Bar No:  0789909

3

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ROGER CHAVEZ,

GENERAL JURISDICTION DIVISION

       Plaintiff,

CASE NO:

vs.

MERCANTIL COMMERCEBANK,
N.A.,

       Defendant.

_____/

## REQUEST FOR PRODUCTION OF DOCUMENTS

      COMES NOW the Plaintiff ROGER CHAVEZ, by and through his undersigned counsel, and serves his Request for Production of Documents in accordance with Rule 1.350 of the Florida Rules of Civil Procedure and demands that the Defendant MERCANTIL COMMERCEBANK, N.A., allow the Plaintiff to inspect and copy the following designated documents:

### I.  DEFINITIONS

      The following definitions apply to his request:

      1.    "You" and "your" shall mean Defendant MERCANTIL COMMERCEBANK, N.A., its agents, employees or other persons or entities acting on its behalf.

      2.    "Communications" shall mean every manner or means of disclosure, transfer or exchange, and every disclosure, transfer or exchange of information whether orally or face to face or by telephone, mail, personal delivery, documents or otherwise.

      3.    "Relating to" or "related to" as used herein has their usual and defined meaning, which shall also include the terms "analyzing", "discussing", "describing", "involving" and "corresponding to."

      4.    As used herein "document" includes the original and identical or nonidentical copies regardless of origin or location of any written, printed, recorded or graphic matter, however produced or reproduced, including but not limited to, correspondence, records, orders, schedules, reports, memoranda,

*CASE NO:*

notes, instruments, checks, drafts, telegrams, messages, circulars, bulletins, instructions, transcripts, minutes, computer printouts, e-mail and other communications, including inter-office and intra-office communications, affidavits, legal documents or other written or printed matter of any kind.

## II. <u>INSTRUCTIONS</u>

1.      If a claim of privilege is asserted to any request (privilege as used herein shall include attorney's work product), your response or claim shall be sufficiently described so that Plaintiff ROGER CHAVEZ can bring the question of privilege before the Court.

2.      If an objection is made, state with detail the grounds for the objection.

3.      If a request cannot be completely produced, please produce part of the request that you can produce and specify why you cannot produce the remainder.

## III. <u>PLACE OF PRODUCTION</u>

You are requested to produce the documents designated in Part IV hereof at the office of Robert G. Post, Esq., Post & Romero, 3195 Ponce de Leon Boulevard, Suite 400, Coral Gables, Florida 33134 within forty five (45) days of service on you.

## IV.  <u>DOCUMENTS TO BE PRODUCED</u>

1.      All contracts or agreements between you and Plaintiff relating and/or referring to any and all accounts maintained by Plaintiff at your bank and any security procedures agreed to by the parties with respect to said accounts.

2.      All account opening forms and signature cards for all accounts maintained by Plaintiff at your bank.

3.      All communications between you and Plaintiff from January 1, 2008 to the present.

4.      All wire transfer request forms and/or other documents initiating a wire transfer on any account maintained by Plaintiff at your bank from January 1, 2005 to the present.

5.      All videotapes and/or security camera tapes for the morning of February 6, 2008 showing persons entering, leaving or inside of the branch where the Plaintiff purportedly executed the wire transfer request form for the $329,500 wire transfer (the "Subject Wire Transfer).

6.      All documents relating and/or referring to the Subject Wire Transfer of $329,500 from Plaintiff's account on or about February 7, 2008.

2

*CASE NO:*

7. All documents presented or produced by the person who purportedly personally visited the bank on February 6, 2008 and executed the wire transfer request form initiating the Subject Wire Transfer.

8. All documents identifying the recipient of the Subject Wire Transfer and account information for the recipient.

9. All communications between you and (a) the recipient of the Subject Wire Transfer, or (b) the bank to whom the Subject Wire Transfer was sent, relating and/or referring to the Subject Wire Transfer.

10. All reports made by you to state or federal regulatory agencies or law enforcement agencies concerning the Subject Wire Transfer and/or the circumstances surrounding the Subject Wire Transfer.

11. All documents relating and/or referring to any investigation you conducted into the Subject Wire Transfer.

DATED this 4TH day of August, 2010.

> **POST & ROMERO**
> Attorneys for the Plaintiff
> 3195 Ponce de Leon Blvd.
> Suite 400
> Coral Gables, Florida 33134
> Telephone: (305) 445-0014
> Facsimile: (305) 445-6872
>
> By: _____
> ROBERT G. POST, ESQ.
> Florida Bar No: 0789909

3

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ROGER CHAVEZ,

      Plaintiff,

      v.

MERCANTIL COMMERCEBANK, N.A.

      Defendant.

_____/

Case No:  10-42960-CA-03

THE ORIGINAL
FILED ON:
AUG 23 2010
IN THE OFFICE OF
CIRCUIT COURT DADE CO., FL

## DEFENDANT MERCANTIL COMMERCEBANK, N.A.'S AGREED MOTION FOR ENLARGEMENT OF TIME TO SERVE A RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant, Mercantil Commercebank, N.A. ("MCB"), pursuant to Rule 1.090(b) of the Florida Rules of Civil Procedure, moves for an enlargement of time of twenty (20) days from the date MCB's response to Plaintiff's Complaint is currently due – to and including September 15, 2010 – to respond to Plaintiff's Complaint.  In support of this Motion, MCB states as follows:

1.     MCB was served with process in this case on August 6, 2010, and its response to Plaintiff's Complaint is currently due on or before August 26, 2010.

2.     MCB requests additional time to respond to the Complaint due to the press of other matters in undersigned counsel's complex commercial litigation practice and to enable MCB to investigate the allegations in Plaintiff's Complaint.

3.     The granting of this motion will not prejudice any party in this case.

4.     This motion is not interposed for purposes of delay.

5.     Plaintiff's counsel – Robert G. Post, Esq. – has agreed to an extension of 20 days, through and including September 15, 2010.

Case No:  10-42960-CA-03

WHEREFORE, Defendant, MCB, requests that this Court grant MCB an enlargement of time of twenty (20) days, up to and including **September 15, 2010**, to serve its response to Plaintiff's Complaint.

**GARBETT, STIPHANY, ALLEN & ROZA, P.A.**
Counsel to MCB
Brickell BayView Centre, Suite 3100
80 S.W. 8th Street
Miami-Dade County, Florida  33130
Telephone:  (305) 579-0012
Facsimile:  (305) 579-4722

By: _____
David S. Garbett, FBN 356425
Email: dgarbett@gsarlaw.com
Joseph Perkins, FBN 41875
Email: jperkins@gsarlaw.com

## CERTIFICATE OF SERVICE

I certify that on August 23, 2010, a copy of this motion was delivered to Robert G. Post, Esq., counsel to Plaintiff, by U.S. Mail to 3195 Ponce de Leon Blvd., Suite 400, Coral Gables, FL 33134, and by facsimile to (305) 445-6872.

_____
Joseph D. Perkins