UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23244-CIV-UNGARO/SIMONTON

ROGER CHAVEZ,

    Plaintiff,

v.

MERCANTIL COMMERCEBANK, N.A.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Defendant's Motion to Compel Discovery (DE # 33). Plaintiff has filed a response (DE # 36), and Defendant has filed a Reply (DE # 40). The Honorable Ursula Ungaro has referred this matter to the undersigned Magistrate Judge with respect to Defendant's Motion (DE # 35). For the reasons stated below, Defendant's Motion is granted.

### I.   BACKGROUND

Plaintiff, Roger Chavez, has brought this action against Mercantil Commercebank, N.A. ("MCB") to recover damages for a wire transfer deducting funds from Plaintiff's MCB account pursuant to a wire transfer request form allegedly executed in person at an MCB branch banking center. Plaintiff claims that he never executed the form or approved the wire transfer (DE # 7 at 1).

The Complaint seeks damages of no less than the amount of the contested account debit, along with other related relief (DE # 7 at 2-3). In its Amended Answer, MCB denies liability, asserts that Mr. Chavez executed the request form in person or otherwise approved it, and notes that Mr. Chavez failed to contest the debit within the contractually allotted time (DE # 27 at 1-3).

On January 13, 2011, MCB served upon Plaintiff MCB's First Request for Production ("RFP"), which included numbered requests to produce various materials in connection with this matter. Specifically, RFP # 12 called for:

> All documents that reflect, refer or relate to Chavez's travel to and from the United States and any other country including the Dominican Republic from January 2007 and February 2009, including plane tickets, travel records, passports, credit card or other payment records for travel occurring during the specified period.

(DE # 36-1 at 5). RFP # 13 called for:

> All of Chavez'[s] phone bills and records for the period between January 2007 and February 2009, including, but not limited to, cell phone bills and records and land-line bills and records.

In his Amended Response and Objections, Plaintiff objected to RFP # 12 and RFP # 13 in two ways. First, the introduction to Plaintiff's Amended Response and Objections, entitled "General Objections," states general objections to all of Defendant's requests (DE # 36-2 at 1-2). These General Objections, incorporated by reference into each specific objection, object to (a) any discovery beyond the scope sanctioned by the Federal Rules of Civil Procedure, (b) any requests that are vague or overbroad, and (c) any requests to the extent that they ask Plaintiff to waive a privilege. Second, Plaintiff raises specific objections to RFP # 12 and RFP # 13. With respect to RFP # 12, Plaintiff objected without elaboration on the basis of the request being overly broad, burdensome and irrelevant, but Plaintiff agreed to produce his passport (DE # 36-2 at 3). With respect to RFP # 13, Plaintiff again lodged objections regarding breadth, burden and relevancy, but stated that he would produce phone records for the period from January 21, 2008, through April 24, 2008 (DE # 36-2 at 3).

The trial in this case is set for the calendar commencing August 15, 2011, and the discovery deadline is May 6, 2011 (DE # 16).

## II. PARTIES' POSITIONS

In Defendant's Motion, MCB requests that Plaintiff be compelled to comply with RFP # 12 and RFP # 13 because Plaintiff has improperly objected (DE # 33 at 1). In regard to both RFP requests, Defendant argues that Plaintiff has not replied with the specificity required by the Federal Rules of Civil Procedure. Further, Defendant contends that courts recognize as an abusive practice Plaintiff's assertion of "blanket" objections, which are made subject to, and are not waived by, Plaintiff's production of some documents relevant to a request, without further explanation. Defendant interprets Plaintiff's actions as producing only documents Plaintiff deems relevant, without an explanation for why he has not produced other documents, in contravention of Federal Rule of Civil Procedure 34(b)(2)(B) (DE # 33 at 3-6).

Plaintiff responds that Defendant's requests are wholly irrelevant to the case and unlikely to lead to the discovery of admissible evidence (DE # 36 at 1). Plaintiff contends that the only relevant time period for the requested documents are the dates of or near the disputed land sale transaction and purportedly related wire transfer (DE # 36 at 5, 6). Further, Plaintiff argues that he has properly objected to Defendant's requests by stating his objections and identifying the documents Plaintiff is willing to produce (DE # 36 at 5).

In its Reply, Defendant reiterates the inappropriateness of Plaintiff's blanket objections and emphasizes that examining Plaintiff's broader ties to the Dominican Republic are relevant because they could uncover evidence as to whether Plaintiff was involved in the subject land deal and related wire transfer. Defendant also notes that Plaintiff has provided no argument as to the requests being unduly burdensome (DE # 40 at 3).

## III. ANALYSIS

Defendant takes issue with Plaintiff's objections to RFP # 12 and RFP # 13. Plaintiff's objections to these two requests state, without providing any detail, that the

respective discovery request is overly broad, unduly burdensome or irrelevant. Plaintiff's General Objections, provided in the introduction to Plaintiff's Amended Response and Objections, are made a part of these objections. Then, with each of these two contested requests, Plaintiff has identified a subset of the requested documents with which he will respond.

As an initial matter, Plaintiff's General Objections are overruled. Nonspecific, boilerplate objections do not comply with U.S. Southern District of Florida Local Rule 26.1(g)(3)(A), which provides, "Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."

Furthermore, Plaintiff's specific objections that state, without providing any detail, that a discovery request is overly broad, unduly burdensome or not relevant are overruled. Such objections, without more, are meaningless. Plaintiff must explain the specific and particular way in which Defendant's requests are overly broad, unduly burdensome or irrelevant. *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" (citation omitted)).

To the extent Plaintiff attempts to offer such reasons through his response to Defendant's Motion, his reasons center on relevancy and breadth, and are unpersuasive. Plaintiff claims that the only dates of relevant travel or telephone communication are those on or near the date of the subject wire transfer because they demonstrate Plaintiff's physical location and Plaintiff's communication (or lack thereof) with any parties in the Dominican Republic (DE # 36 at 5). This argument, however, takes an

4

unreasonably narrow view of the scope of relevant evidence.  The undersigned finds that discovery relating to Plaintiff's travel before and after the narrow time frame defined by Plaintiff, as well as his communication during the time frame identified by Defendant, is reasonably calculated to uncover relevant evidence as to Plaintiff's connections with the Dominican Republic, which are squarely at issue in this case.  Moreover, Plaintiff has made no showing that the two production requests are unduly burdensome.

Finally, Plaintiff is incorrect in suggesting that, because he has specified the time frame for which he is willing to produce certain documents, he has satisfied the requirements of specificity required by Local Rule 26.1(g)(3)(A) (DE # 36 at 5).  If such were the case, a party could simply state a general objection, identify a time frame of the party's convenience, and otherwise not respond to the specific request.  This does not comport with the requirements of Local Rule 26.

IV.     **CONCLUSION**

Therefore, the undersigned finds that Plaintiff shall be compelled to respond to the two requests for production at issue in Defendant's Motion to Compel Discovery.  Based upon a review of the record as a whole, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Discovery Against Chavez (DE # 33) is **GRANTED**.  Plaintiff shall file his responses on or before April 11, 2011.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 28, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record