UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  10-23244-CIV-TORRES

CONSENT CASE

ROGER CHAVEZ,

    Plaintiff,

v.

MERCANTIL COMMERCEBANK, N.A.,

    Defendant.

_____/

**VERIFIED MOTION OF PLAINTIFF ROGER CHAVEZ FOR
FINAL JUDGMENT FOR REASONABLE ATTORNEY'S FEES
AND NON-TAXABLE EXPENSES AND SUPPORTING
MEMORANDUM OF LAW**

    Pursuant to this Court's Amended Final Judgment dated June 20, 2014 (DE 186) and Local Rule 7.3, Plaintiff ROGER CHAVEZ ("CHAVEZ") moves this Court for entry of final judgment against Defendant MERCANTIL COMMERCEBANK, N.A. ("MCB") for reasonable attorney's fees and allowable costs.  In support of this motion CHAVEZ submits the Affidavit of Robert G. Post ("Post Affidavit") and supporting exhibits.

**MEMORANDUM OF LAW**

**A.  Case Summary and CHAVEZ' Entitlement to Reasonable Attorney's Fees**

    In this action the Plaintiff CHAVEZ sought to recover an unauthorized wire transfer of funds from his account at MCB in the amount of $329,500.  Following the conclusion of discovery, MCB filed a motion for summary judgment seeking exoneration, *inter alia*, under the safe harbor provision of F.S. §670.202 (2).  Simultaneously CHAVEZ filed a motion for partial summary judgment seeking dismissal of MCB's third affirmative defense based on said statute.

This Court granted MCB's motion for summary judgment (DE 106) and entered final judgment in favor of MCB and against CHAVEZ (DE 113). Following entry of judgment in its favor MCB filed a verified motion for attorney's fees and nonstatutory costs seeking $321,823 in reasonable attorney's fees and $29,237.96 in nonstatutory expenses for a total sum of $351,060.96 (DE 133). CHAVEZ did not dispute the amounts sought by MCB but opposed the entry of judgment until after his appeal was resolved (DE 135). This Court then entered an order which denied the motion without prejudice to refiling following the conclusion of the appeal (DE 146).

On appeal the Eleventh Circuit reversed the judgment in favor of MCB and struck MCB's third affirmative defense. The matter was then remanded back to the District Court for trial.

Following a multi-day trial the Court entered judgment in favor of CHAVEZ and against MCB for the full amount of the wire transfer of $329,500 (DE 182).

Rule 39-2(e) of the Eleventh Circuit Court of Appeals provides that "a party who may be eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand". Now that this court has entered a judgment in favor of CHAVEZ and disposed of the matter on remand, CHAVEZ follows this procedure and includes his request for attorney's fees for the appeal.

B. **CHAVEZ' Reasonable Attorney's Fees and Non-taxable Expenses**

The following information is provided in accordance with Local Rule 7.3.

1. **Identify the order which gives rise to the motion and contract entitling CHAVEZ to the award, per Local Rule 7.3(a)(2)**.

CHAVEZ is entitled to his fees and expenses under the Funds Transfer Agreement ("FTA") and the Understanding Your Deposit Agreement ("Deposit Agreement") entered into between MCB and CHAVEZ. Paragraph 15 of the FTA provides, in pertinent part, as follows:

> In connection with any litigation arising out of or in connection with this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees from the losing party.

A copy of the FTA is attached as Exhibit "3" to the Post Affidavit.[1]

2. **The amount sought per Local Rule 7.3(a)(3)**

CHAVEZ seeks reasonable attorney's fees as of June 6, 2014[2] in the amount of $367,355.[3]

Additionally, CHAVEZ seeks non-taxable expenses in the amount of $18,565.16.

---

[1]   Paragraph 24 of the Deposit Agreement (Exhibit "4" to the Post Affidavit) also provides:

> 24. COSTS AND LEGAL FEES. The Depositor shall pay and indemnify the Bank as to all costs and expenses (including reasonable attorneys' fees and litigation costs at all levels) paid or incurred (or anticipated to be paid or incurred) by the Bank in connection with any legal proceedings or process (including any subpoena) relating to the account or any controversy or dispute regarding it (except to the extent arising from the Bank's failure to exercise good faith or ordinary care (as finally determined by a court of competent jurisdiction).

[2]   To the extent CHAVEZ incurs additional fees recoverable against MCB after June 6, 2014, CHAVEZ will supplement this motion with the additional data.

[3]   After conferring with MCB's counsel pursuant to Local Rule 7.3(b), CHAVEZ has reduced his claim for fees to $357,590.

3. **Disclosure of the terms of any applicable fee agreement, per Local Rule 7.3(a)(4)**.

CHAVEZ and Post & Romero ("Firm") entered into a written retainer agreement, a copy of which is attached as Exhibit "1" to the Post Affidavit.  Pursuant to the retainer agreement CHAVEZ agreed to pay Post & Romero on an hourly basis at the rate of $350 per hour for services rendered by their attorneys.  Robert G. Post and Carlos A. Romero, Jr. are the only two attorneys in the Firm.

To assist the Firm in connection with the appeal to the Eleventh Circuit, the Firm also retained the services of Jeffrey Watkin.  Mr. Watkin agreed to provide services at the rate of $300 per hour.  A copy of the Watkin's retainer agreement is attached as Exhibit "2" to the Post Affidavit.

4. **Information requested per Local Rule 7.3(a)(5)(A) – Identity, Qualifications and Experience of Each Timekeeper**

(a) **Robert G. Post**

Robert G. Post was the partner who tried the case.  He attended Clark University (1977, BA) and Emory University School of Law (1980, JD).  Mr. Post began practicing law in the State of New York in 1981 and moved to Florida in 1989.  He has been a member of the New York Bar since 1981 and the Florida Bar since 1989.  He is also admitted to United States Courts of Appeals for the First Circuit, Second Circuit and Eleventh Circuit; the United States Claims Court and the United States District Courts for the Southern and Eastern Districts of New York, the Southern and Middle Districts of Florida and the District of Puerto Rico.

Mr. Post specializes in complex commercial litigation with an emphasis on insurance coverage disputes involving fidelity and financial institution bonds and UCC related disputes.  During the course of his practice he has handled trials and appeals

in both the state and Federal courts and has more than forty published Westlaw opinions. Among the more important published decisions handled by Mr. Post are the following:

> *Federal Insurance Company v. NCB National Bank of North Carolina*, 958 F. 2d 1544 (11th Cir. 1992) – action by customer of bank for payment of forged and unauthorized checks.
>
> *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291 (1st Cir. 2000) – action by member of bar association for violation of First Amendment rights.
>
> *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 723 F. 2d 155 (1st Cir. 1983), aff'd in part, rev'd in part,105 Sup. Ct. 3346 (1985) – issue of whether Federal antitrust dispute must be arbitrated in Japan pursuant to arbitration clause.
>
> *Corporacion Insular de Seguros v. Reyes Munoz*, 849 F. Supp. 126 (D.P.R. 1994) – RICO action against former executives of insurance company
>
> *Putnam Rolling Ladder Co., Inc. v. Manufacturers Hanover Trust Co.*, 534 N.Y.S. 2d 379 (1st Dept. 1988) rev'd 547 N.Y.S. 2d, 611 – action by customer of bank for improper payment of forged checks.
>
> *Federal Insurance Company v. Honeywell, Inc.*, 641 F. Supp. 1560 (S.D.N.Y. 1986) – action against alarm company for what, at the time, was the largest armored car robbery in US history.
>
> *William Iselin & Co., Inc. v. Fireman's Fund Insurance Company*, 69 N.Y. 2d 908 (Ct. App. N.Y. 1987) – issue of whether documents reflecting misrepresentations as to entirely fictitious transactions were "counterfeit" within meaning of bankers blanket bond.

**(b) Carlos A. Romero, Jr.**

Carlos A. Romero, Jr., is the partner who brought Mr. CHAVEZ to the firm and served as the primary contact with the client. He handled the initial investigation and analysis of the subject dispute, participated in the drafting of pleadings and motions (including in the Eleventh Circuit), attended depositions, reviewed and analyzed

documents, conducted research and investigation, participated in the formulation of litigation strategy, and consulted with the client throughout the case.

Mr. Romero attended Georgetown University (B.A. summa cum laude, 1974) and Yale School (1978, JD).  Mr. Romero also attended New York University School of Law (LLM in taxation, 1979).  He was also a certified public accountant in Florida and Puerto Rico (1975, inactive).

He was admitted to the Illinois Bar in 1979, the Puerto Rico Bar 1979 and the Florida Bar in 1983.  He is also admitted to practice in the United States Supreme Court, United States Court of Appeals of the Eleventh Circuit, and the United States District Courts for the Southern District of Florida and the District of Puerto Rico.

Mr. Romero has also been an arbitrator for the American Arbitration Association since about 1995.

**(c) Jeffrey C. Watkin**

Mr. Watkin assisted Post & Romero on the appeal to the Eleventh Circuit Court of Appeals.  Mr. Watkin graduated from Rutgers University (1968, BA), Seton Hall University School of Law (JD, 1971) and University of Miami School of Law (LLM in taxation, 1981).  Mr. Watkin worked with Holland & Knight as an associate (1983 – 1986), was a partner at Thomas Muraro Razzok & Hart, P.A. (1986 – 2001), was of-counsel to Bilzin, Sumberg, Baena, Price & Axelrod, LLP (2001 – 2009) and has been a sole practitioner since.

**5. Information required by Local Rule 7.3(a)(5)(B)-(D) and (a)(6)**

Plaintiff has submitted copies of the invoices rendered to CHAVEZ as of the date of this motion. The detail behind the billing entries has also been submitted. [4] See Post Affidavit.[5] The hourly rates of each timekeeper are as follows:

| Timekeeper | Rate |
|---|---|
| Robert G. Post | $350 |
| Carlos A. Romero | $350 |
| Jeffrey Watkin | $300 |

The number of hours reasonably expended by each timekeeper are as follows:

| Attorney | Year Licensed | Total Hours | Fee |
|---|---|---|---|
| Robert G. Post | 1981 | 727.10 | $254,485 |
| Carlos A. Romero, Jr. | 1979 | 308 | $107,800 |
| Jeffrey Watkin | 1971 | 16.9 | $   5,070 |
| **TOTAL** | | | **$367,355** |

The non-taxable Expenses CHAVEZ has incurred are as follows:

| Description | Total Amount |
|---|---|
| Mediator | $  3,125.00 |
| Expert Fees | $  8,375.00 |
| Investigative Fees | $  6,230.16 |
| Messenger Services | $     114.00 |
| Meals | $     214.62 |
| Long Distance Telephone Charges | $       80.89 |
| Parking | $       37.00 |
| FedEx | $     190.78 |
| West Law Research | $     197.71 |
| **TOTAL** | **$18,565.16** |

---

[4] The billing worksheets for the months of July, August and September 2010 were lost as a result of a crash of the firm's hard drive. See Post Affidavit at paragraphs 7 and 8.
[5] CHAVEZ has redacted privileged entries. The redactions will be produced to the Court if necessary.

**6. Invoices reflecting all incurred and claimed fees and expenses per Local Rule 7.3(a)(6)**

See Post Affidavit, Exhibits "5", "6" and "7".

**7. Certification in accordance with Local Rule 7.3(a)(8)**

CHAVEZ' counsel has made a good faith effort to resolve the issues by agreement pursuant to Local Rule 7.3(b) by serving this motion and supporting documents on opposing counsel on June 6, 2014 and conferring with MCB's counsel. As a result of those efforts, there is no dispute as to the issue of entitlement or hourly rate to be used.  There are currently a total of approximately 256.8 hours amounting to $89,888.75 in fees in dispute.

MCB has also objected to all of CHAVEZ' non-taxable expenses in the sum of $18,565.16.

**C. Standard for Amount of Attorney's Fees Award**.

The Court uses the lodestar method in order to calculate reasonable fees.  The lodestar method requires that the Court multiply the number of reasonable hours incurred by a reasonable hourly rate for each timekeeper.  See *Hensley v. Eckerhart*, 461 U.S. 424 (1983); see also *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292 (11th Cir. 1988); *Marlite, Inc. v. Eckenrod*, 2011 WL 31095 (S.D. Fla. 2011) (Torres Mag. J.).

The reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skill, experience and reputation.  See *Blum v. Stenson*, 465 U.S. 886 (1984).  In determining a reasonable hourly rate and the number of compensable hours, a court should consider the 12 Johnson factors. [6]  *Farley v. Nationwide Mut. Ins. Co*., 197 F. 3d 1322, 1340 (11th Cir.

---

[6]   See *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).  The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform

1999).  The court itself is an expert with respect to reasonable hourly rates.  See *Marlite*, 2011 WL 31095*3.

### D. **The Hours Expended by the Attorneys for CHAVEZ Were Reasonable**

The number of hours expended by counsel for CHAVEZ total 1,052 through and including June 6, 2014.  Time entries are made on a daily basis contemporaneously with the work performed.  See Post Affidavit.  CHAVEZ submits that the hours expended by his professionals have been reasonable and proper for the representation of his interests in this case.

This was a difficult and complex case.  The action presented a first impression legal issue under Article 4A of the Uniform Commercial Code, complex factual issues, considerable motion practice and the development and presentation of expert and lay testimony on the issues of whether MCB's security procedures were commercially reasonable and whether the payment order was forged or genuinely signed by CHAVEZ.

More specifically, there were at least fourteen briefs in the District Court addressing the commercial reasonableness of MCB's security procedure.  After the District Court granted MCB's motion for summary judgment there was also oral argument and extensive briefing in the Eleventh Circuit Court of Appeals.

The parties also took the depositions of seven fact witnesses and three expert witnesses.  The parties served several requests for production of documents and interrogatories.  There were also a number of different discovery motions and extensive briefing on MCB's request that certain documents and information be sealed.

---

the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar case.  *Id.* at 717-19.

The case was tried before the Court on July 22 -24, 2013.  It is significant that MCB claimed 944.44 hours of work as of December 31, 2011. (DE 133)   This was both <u>prior</u> to both briefing of the appeal in the Eleventh Circuit Court of Appeals and <u>prior</u> to the trial.  During that same period of time, counsel for CHAVEZ had devoted less than 550 hours.  At trial CHAVEZ had only one attorney present while MCB had at least two attorneys and one paralegal present at all times.  Thus, not only was counsel for CHAVEZ able to prosecute the action utilizing far less attorney time than counsel for MCB, but they also prevailed in the action.

For these reasons CHAVEZ' claim of 1,052 hours for work for professional fees of $367,355 to take this case from inception, to appeal, and to successful trial are reasonable.

**E.  <u>The Rates Charged By Counsel For Plaintiff Are Reasonable</u>**

The next step for the lodestar involves multiplying the reasonable number of hours expended by a reasonable hourly rate.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation."  <u>Martin v. University of South Alabama</u>, 911 F. 2d 604, 610 (11th Cir. 1990), quoting <u>Norman v. Montgomery Housing Authority</u>, 836 F. 2d 1292, 1299 (11th Cir. 1988), citing <u>Blum v. Stenson</u>, 465 U.S. 886, 895-896 n. 11 (1984).

Each of the attorneys who represented Plaintiff in this matter have more than 33 years of experience.  The hourly rate of $350 per hour for Mr. Post and Mr. Romero and $300 per hour for Mr. Watkin are consistent with, and generally and notably less than, comparable rates charged by attorneys in the South Florida community of comparable experience and caliber.

A thorough analysis of rates for attorneys with comparable skills and experience found by judges in South Florida, including this Court, is set forth on pages 13 to 15 of MCB's Verified Motion for Final Judgment for Reasonable Attorney's Fees and Non-taxable Expenses (DE 133). Said analysis is incorporated by reference herein.

Suffice it to say, MCB's analysis shows that the rates for partners with comparable experience to that of Plaintiff's counsel range from $475 to $550 per hour. Thus the rates charged by counsel for Plaintiffs are more than reasonable. In fact, as demonstrated by MCB's analysis, the rates charge by counsel for Plaintiff are only slightly higher than rates charged by associates in this community with only moderate experience.

The more than reasonable hourly rates charged by counsel for Plaintiff coupled with the efficiency with which counsel handled the litigation demonstrate the reasonableness of Plaintiff's fee request.[7]

**F. CHAVEZ is Entitled to Recover His Non-taxable Expenses Under the Deposit Agreement**

There is a division of authority within the Federal Courts, and indeed within this District, as to whether a prevailing party may recover non-taxable expenses and costs pursuant to an express contractual provision authorizing same. This division of authority arises from the language of the United States Supreme Court decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

---

[7] While Plaintiff does not know how exactly much time counsel for MCB spent at trial, based on the prior fee application submitted by MCB and the fact that MCB had two attorneys and one paralegal present during the entire trial, it would appear that MCB's counsel devoted approximately twice as many hours to the litigation as counsel for Plaintiff.

11

In <u>Crawford</u> the Supreme Court held that absent applicability of a statute or contract providing for recovery of expenses, a party is limited by sections 1821 and 1920 in recovering expert witness fees.[8]  The court stated as follows:

> We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, Federal courts are bound by the limitations set out in 28 U.S.C. Section 1821 and 1920.

Paragraph 24 of the Deposit Agreement in this case includes a specific contractual provision permitting the recovery of litigation costs.  It provides as follows:

> 24.   COSTS AND LEGAL FEES.  The Depositor shall pay and indemnify the Bank as to all costs and expenses (including reasonable attorneys' fees and litigation costs at all levels) paid or incurred (or anticipated to be paid or incurred) by the Bank in connection with any legal proceedings or process (including any subpoena) relating to the account or any controversy or dispute regarding it (except to the extent arising from the Bank's failure to exercise good faith or ordinary care (as finally determined by a court of competent jurisdiction).

Numerous courts that have addressed the issue have determined that the limitations set forth in Section 1920 for recovery of non-taxable expenses do not apply where, as is the case here, there is a specific contractual provision authorizing same. <u>Managed Care Solutions, Inc. v. Essent Healthcare, Inc.</u> 2011 WL 2535258 *2, 9-14 (S.D. Fla. 2011); <u>Global Horizons, Inc. v. Del Monte Fresh Produce, N.A., Inc</u>., 2009 WL 855970 *3, 8 (S.D. Fla. 2009); <u>Textron Financial Corp. v. RV Sales of Broward, Inc.,</u> 2010 WL 2889908 *2 (S.D. Fla. 2010); <u>Pellegrino v. Koeckritz Development of Boca Raton, LLC</u>, 2008 WL 6128747 *4 (S.D. Fla. 2008); <u>Sherman Street Associates, LLC v. JTH Tax, Inc.</u>, 2011 WL 5925063 *4 (D. Conn. 2011); <u>Corinthian Mortg. Corp. v.</u>

---

[8]    Though Crawford dealt specifically with recovery of expert witness fees, other courts have read its contractual authorization exception to include costs beyond expert fees.  <u>Arcadian Fertilizer, L.P. v. MPW Industrial Serv., Inc.</u>, 249 F. 3d, 1293, 1296 (11th Cir. 2001); and <u>Doria Class Action Services, LLC</u>, 261 F.R.D. 678, 685 (S.D. Fla. 2009).

12

Case 1:10-cv-23244-EGT   Document 189   Entered on FLSD Docket 07/14/2014   Page 13 of 16

CASE NO: 10-23244-CIV-TORRES

*ChoicePoint Precision Marketing, LLC*, 2009 WL 36606 *7-10 (E.D. Va. 2009); *Flint Hills Resources, LP v. Lovegreen Turbine Services, Inc.*, 2008 WL 4527816 *12 (D. Minn. 2008).

CHAVEZ recognizes that in *Marlite, Inc. v. Eckenrod*, 2011 WL 31095 (S.D. Fla. 2011) this court ruled that a party was <u>not</u> entitled to recover non-taxable expenses even though the contractual provision included an "all costs" provision.  There is, however, no mention of any of the foregoing authority in said decision and CHAVEZ submits that the decision should be reconsidered.

In MCB's Verified Motion for Final Judgment for Reasonable Attorney's Fees and Non-taxable Expenses (DE 133), MCB argued that the contractual provision in the Deposit Agreement and the foregoing case law justified an award of non-taxable expenses in this case.  CHAVEZ agrees.

By reason of the foregoing CHAVEZ respectfully requests that the Court award CHAVEZ those non-taxable expenses reasonably incurred in connection with this litigation.

## **CONCLUSION**

By reason of the foregoing CHAVEZ respectfully requests that the Court award reasonable attorney's fees totaling $367,355[9] and non-taxable expenses totaling $18,565.16 in favor of CHAVEZ and against MCB.

---

[9]   The amount should be reduced to $357,590 based on efforts to confer.  See Certificate in accordance with Local Rule 7.3 (a)(8) on page 8 of this motion.

CASE NO:  10-23244-CIV-TORRES

## **VERIFICATION**

I affirm under oath that the statements and information contained in this motion are true and correct.

s/ Robert G. Post_____

**POST & ROMERO**
Counsel for the Plaintiff
ROGER CHAVEZ
3195 Ponce de Leon Blvd.
Suite 400
Coral Gables, Florida 33134
Telephone:  (305) 445-0014
Facsimile:   (305) 445-6872
E-mail:  rgp@postandromero.com
eservice@postandromero.com

By:    s/ Robert G. Post_____
ROBERT G. POST, ESQ.
Florida Bar No:  0789909

*CASE NO: 10-23244-CIV-TORRES*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on July 14, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

        By: s/ Robert G. Post
           ROBERT G. POST, ESQ.
           Florida Bar No: 0789909
           **POST & ROMERO**
           3195 Ponce de Leon Blvd.
           Suite 400
           Coral Gables, Florida 33134
           Telephone: (305) 445-0014
           Facsimile: (305) 445-6872
           E-mail: rgp@postandromero.com
           eservice@postandromero.com
           Counsel for the Plaintiff
           ROGER CHAVEZ

*CASE NO: 10-23244-CIV-TORRES*

**SERVICE LIST**
CASE NO: 10-23244-CIV-TORRES
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

David S. Garbett, Esq.
Joseph D. Perkins, Esq.
Philip A. Allen, Esq.
Garbett, Stiphany, Allen & Roza, P.A.
Counsel for Defendant
MERCANTIL COMMERCEBANK, N.A.
Brickell Bayview Centre, Suite 3100
80 SW 8th Street
Miami, Florida 33130
Telephone: (305) 536-8861
Facsimile: (305) 579-4722
dgarbett@gsarslaw.com
jperkins@gsarlaw.com
pallen@gsarlaw.com