UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-23244-Civ-TORRES

CONSENT CASE

ROGER CHAVEZ,

    Plaintiff,

vs.

MERCANTIL COMMERCEBANK, N.A.,

    Defendant.
_____/

**ORDER ON PLAINTIFF'S MOTIONS FOR
ATTORNEYS' FEES AND NON-TAXABLE COSTS**

This matter is before the Court upon prevailing party Plaintiff Roger Chavez's two pending post-judgment motions for attorneys' fees and non-taxable expenses: (1) Chavez's Motion for Attorneys' Fees and Non-taxable Expenses [D.E. 189] that seeks an award of $357,590 pursuant to the fee shifting provision contained in the parties' Funds Transfer Agreement; and (2) Chavez's Supplemental Motion for Attorneys' Fees [D.E. 208] that seeks an additional $14,490 for legal fees incurred in the preparation of its initial motion and in defense of Defendant's objections to the fee application. Defendant has responded in partial opposition, not to the entitlement of fees but rather the total amount claimed in each motion.

These matters are ripe for disposition. For the reasons that follow, Chavez's Motions are Granted in Part and Denied in Part.

## I.  BACKGROUND

In this action Chavez sought to recover an allegedly unauthorized wire transfer of funds from his account at Defendant's bank in the amount of $329,500. Following the conclusion of discovery, Defendant filed a motion for summary judgment seeking exoneration under the safe harbor provision of Fla. Stat. § 670.202(2). Chavez for his part filed a motion for partial summary judgment seeking dismissal of Defendant's third affirmative defense based on the same statute.

This Court granted Defendant's motion for summary judgment and entered final judgment in favor of Defendant and against Chavez. [D.E. 113]. Following entry of judgment in its favor, Defendant filed a verified motion for attorney's fees and non-statutory costs seeking $321,823 in reasonable attorney's fees and $29,237.96 in non-statutory expenses for a total sum of $351,060.96. [D.E. 133]. We entered an order that denied the motion without prejudice and stayed all fee litigation pending resolution of Chavez's appeal of the final judgment to the Eleventh Circuit. [D.E. 146].

On appeal, the Eleventh Circuit (in a split decision) reversed the judgment in favor of Defendant and its third affirmative defense. The matter was then remanded back to the District Court for trial.

This Court's view notwithstanding, the Eleventh Circuit's mandate governed and required a trial on the factual issues underlying Chavez's claims. Following a multi-day bench trial, the Court weighed the evidence and entered judgment in favor of Chavez and against Defendant for the full amount of the wire transfer of $329,500. [D.E. 182].

Following entry of that judgment, which is again on appeal to the Eleventh Circuit but only on a limited issue raised by Chavez as to his additional entitlement to prejudgment interest on that sum, Chavez now seeks a fee judgment for the fees incurred prior to the Court's summary judgment order, for the successful prosecution of the appeal that followed, and for the successful resolution of the entire case at trial. Chavez makes the point that the total he seeks is less than what Defendant requested after the summary judgment stage and substantially less than what Defendant would request now had it prevailed. He prepared together a timely and thorough fee application, in accordance with S.D. Fla. Local R. 7.3, that supported his claim. He supplemented that application through a supplemental motion directed at fees incurred after June 2014 in responding to Defendant's objections to his fee application.

Those objections are found in Defendant's thorough responses to the two fee motions [D.E. 197, 212]. Defendant objects, with great specificity which the Court appreciates, to $85,828.00 of legal fees requested in the original motion, plus the entire amount sought in the supplemental motion because "fees on fees" are not awardable under Florida law. Significantly, however, there is no dispute between the parties that Chavez is a prevailing party in this case, that Florida law would grant him a fee and cost recovery based upon the fee shifting provision in the Funds Transfer Agreement for the account he opened at Defendant's bank, and thus (other than fees on fees) Chavez has demonstrated entitlement to a fee judgment of at least $271,762.[1] The issue discussed further here is whether Chavez is entitled to more than that sum.

---

[1]   Chavez has also now conceded in his Reply that he is no longer seeking an award for non-taxable expenses.

## II.  ANALYSIS

A.  *<u>First Motion for Fees</u>*

The Supreme Court recently made clear that the determination of fees "should not result in a second major litigation." *Fox v. Vice*, 563 U.S. ___, 131 S. Ct. 2205, 2216 (2011) (quoting *Hensley*, 461 U.S. at 437). Fee applicants must submit appropriate documentation to meet "the burden of establishing entitlement to an award." *Hensley*, 461 U.S. at 437. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) *is to do rough justice, not to achieve auditing perfection.* So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox*, 131 S. Ct. at 2216 (emphasis added).

With that in mind, we calculate a reasonable attorney's fee by using the now well-accepted lodestar method, which "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. ___. 130 S. Ct. 1662, 1672 (2010) (emphasis in original). That is true even in a case, like this one, governed by state law because Florida has adopted the federal lodestar approach. *See Fla. Patient's Comp. Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985).

The lodestar approach requires that we first multiply Chavez's counsel's reasonable hourly rate by the reasonable hours expended. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). Chavez bears the

burden of documenting reasonable hourly rates and reasonable hours expended. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Norman*, 836 F.2d at 1303.

### *1. Reasonable Hourly Rates*

We turn then to the first lodestar consideration, which asks whether the hourly rates requested by Chavez's counsel are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. A reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney. *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984). With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. Several well established factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.*[2]

---

[2] The 12 *Johnson* factors are as follows:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *ACLU of Ga.,* 168 F.3d at 437 (citing *Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994)). The relevant market for purposes of this case, therefore, is the South Florida legal community.

Here, Defendant has not objected to the hourly rates requested in the application, which range from $350 to $300. The Court's review of the record supports that determination. The Court finds that the hourly rates requested are reasonable and compensable.

### 2. *Hours Reasonably Expended*

The second component of the lodestar method requires the Court to determine the amount of hours reasonably expended by counsel. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga.,* 168 F.3d at 428 (quoting *Norman,* 836 F.2d at 1301). A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action. *Id.* at 427, 432-33. "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* at 427.

---

*Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974).

At the same time, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that should be excluded. *Id.* In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman,* 836 F.2d at 1306. The court must consider whether the work done was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 561 (1986). Courts must exclude from this fee calculation hours that were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Chavez's original motion seeks reimbursement for 1,052 hours expended in the prosecution of a roughly four-year commercial case. The motion claims that counsel have reviewed the time entries and excluded any redundant or excessive hours from the application. Defendant argues, however, that the total number of hours should be significantly reduced through specific reductions itemized in the response, the primary focus of which centers on time incurred by lead counsel's partner, Carlos Romero, that Defendant argues was unnecessarily duplicative of work incurred by lead counsel. Our own review of the record shows that a reduction is warranted but only to a limited extent.

(a)

Defendant first complains that the application contains some entries that are not compensable based on block billing. This is largely due to the July, August and September 2010 invoices submitted in the application that, due to a computer crash, did not detail the specific time each timekeeper spent on each task. Defendant seeks

reductions of 50-75% for this problem. We agree that some reduction is appropriate to address the problem because the party seeking attorney's fees must produce "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008). A movant fails to meet that burden when it submits "block billing" – i.e., the practice of "lumping together multiple tasks into a single entry of time," *Cardena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000), "without separating the tasks into individual blocks or elaborating on the amount of time each task took," *Capone v. Aetna Life Insurance Co,* 2010 WL 6029242, at *5 (N.D. Ga. Dec. 22, 2010). Many courts have found block billing to present a significant problem because it makes an attorney's time records "unnecessarily difficult" to review. *See, e.g.*, *Kearney v Auto-Owners Inc.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010); *Machado v. Da Vittorio*, 2010 WL 2949618, at *3-4 (S.D. Fla. July 26, 2010). Block billing also impedes the analysis of whether there was unreasonable duplication of work by attorneys. *See Galvez v. Cuevas*, 2009 WL 1024632, at *4 (S.D. Fla. Apr. 15, 2009).

Courts confronted with significant block billing take that into account to order across-the-board reductions. *See, e.g., Lil' Joe Wein Music Inc. v. Jackson*, 2008 WL 2688117, at *13 (S.D. Fla. July 1, 2008) (20 percent reduction); *Blanco v. TransAtlantic Bank*, 2009 WL 2762361, at *4 (S.D. Fla. Aug. 31, 2009) (20 percent reduction); *Bujanowski v. Kocontes*, 2009 WL1564263, at *4 (M.D. Fla. Feb. 2, 2009) (30 percent reduction).

Our review of the supporting materials filed here confirms that there is a some block billing in the application that, at times, makes it difficult to discern whether particular work performed is reasonable and not cumulative. On the other hand, there is enough specificity in the vast majority of the time entries that the Court can usually discern the reasonableness of most of the work performed. Therefore, a significant reduction in the hours expended in this application is not required just based on block billing. Only a ten-percent reduction will be applied for the August and September 2010 invoices for this problem.

(b)

The primary issue in dispute that has any material impact on the application is time incurred by lead counsel's partner for attending various proceedings in the case, work on briefing of various issues, and trial preparation. Defendant argues that, in addition to time spent by a third lawyer assisting in the case to which it is not objecting, Mr. Romero's time crosses over into duplicative and unreasonable time that is unfair to charge against the non-prevailing party. *See, e.g., Vergara Hermosilla v. Coca–Cola Co.,* 2011 WL 9364952, at *10 (S.D. Fla. 2011).

We agree that a fee applicant must show that multiple lawyers in a case were "not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman,* 836 F.2d at 1302. Duplication inevitably occurs when lawyers hold conferences, call each other on the phone, write each other letters and memoranda, or when several lawyers bill for reading the same document received from the defendants or the court. *See, e.g., Sklar v. Clough,* 2008 WL 5381961, at *2 (N.D. Ga. Dec. 23, 2008).

The Court agrees that there is some duplication of effort reflected in the time entries but no where near as pervasive as Defendant makes them out to be.  The bulk of the time at issue in the application was Mr. Romero's work on briefing the summary judgment motions and the resulting appeal (including drafting the brief and attending the oral argument).  Other significant time was incurred in attending depositions in the case as well as trial preparation.

Chavez's explanation is that having two attorneys work on significant parts of a commercial case is not unusual (as Defendant's own now-moot fee application would attest).  Chavez maintains that Mr. Romero's work was necessary to the particular task at hand and did not duplicate lead counsel's work on those projects.

Our own assessment of the record reveals that Defendant's point is well taken, but the proposed solution – wholesale reduction of almost 200 hours of time – is unreasonable.  That is particular true where, as a whole, the total amount sought for a four-year commercial case (involving federal motion practice, appellate practice, and a multi-day trial) is far less than what has been awarded in similar cases.  Moreover, Chavez has shown why Mr. Romero was involved and necessary for the important aspects of the case.

To be fair, billing a second partner for attendance at depositions or mediation is probably unfair to Defendant, but only to a point.  Rather than the wholesale rejection that Defendant seeks, a 25% reduction to Mr. Romero's time entries is more than reasonable at achieving a proper sum that rewards his successful contributions to the case without unduly saddling Defendant with excess cost.  This also addresses

the final complaint that some of Mr. Romero's time was devoted to non-legal matters that are not compensable in a fee application.

(c)

In sum, the Court's calculation of the reasonable fee to award in this case is:

| | |
|---|---|
| Gross Amount Requested: | $ 357,590.00 |
| Deductions in Aug.-Sept. Invoices: | (    1,298.50) |
| Deductions in Romero time: | (  18,961.25) |
| NET Amount Awarded: | <u>337,330.25</u> |

### B.  *Supplemental Fee Motion*

Chavez's supplemental motion seeks an additional fee award for the time period after June 2014 to reimburse Chavez for fees incurred in preparing his fee motion, including primarily the time incurred in defending against Defendant's objections to the fees requested. Chavez acknowledges that the Florida Supreme Court has held that fees on fees are not generally recoverable under Florida law, at least with respect to statutory fees. *See State Farm Fire & Casualty Co. v. Palma,* 629 So. 2d 830, 833-35 (Fla. 1993). Chavez relies, however, on a recent case from the Fourth District Court of Appeals, *The Waverly at Las Olas Condominium Ass'n v. Waverly Las Olas, LLC,* 88 So. 3d 386 (Fla. 4th DCA 2012), for the proposition that Florida law now allows for fees on fees in a case governed purely by contract. Defendant objects, however, and claims that fees on fees are not awarded under Florida law and that *Waverly* is an outlier decision that should not be followed.

We conclude that there are just too many roadblocks in Chavez's way to award the supplemental fees on fees he seeks. First and foremost, we are primarily bound by the Eleventh Circuit's decisions, including those that apply Florida law. In the leading Eleventh Circuit case that addresses the issue here, *McMahan v. Toto,* the Court interpreted the *Palma* decision as a definitive statement of Florida law "that, while attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." 311 F.3d 1077, 1085 (11th Cir. 2002) (citing *Palma,* 629 So. 2d at 833). The Court construed the underlying premise of *Palma* as allowing for fees on fees only where the purpose is encouragement of representation of indigents. *Id.* at 1086. *Palma*, the Court held, governed unless the purpose of a statute plainly supported an award of fees on fees.

Chavez's proposed approach runs counter to this construction of Florida law from our appellate court that was interpreting and construing a Florida Supreme Court decision. We are bound by the Eleventh Circuit's interpretation unless and until a new Florida Supreme Court decision required a different conclusion. No such decision exists; to the contrary, *Palma* has been consistently followed and interpreted in a like manner before Florida's appellate courts as well as other federal cases applying Florida law. *See, e.g., National Portland Cement Co. v. Goudie,* 718 So. 2d 274, 275 (Fla. 2d DCA 1998) (construing *Palma* as standing for the proposition that "attorney's fees may be recovered for time spent litigating entitlement to fees but not for time spent litigating the amount of fees"); *North Dade Church of God, Inc. v. JM Statewide, Inc.,* 851 So. 2d 194, 196 (Fla. 3d DCA 2003) (applying *Palma* to a fee petition arising under a contractual prevailing party fee provision, "[i]t is *settled* that

in litigating over attorney's fees, a litigant may claim fees where entitlement is the issue, but may not claim attorney's fees incurred in litigating the amount of attorney's fees."); *Paladyne Corp. v. Weindruch,* 867 So. 2d 630, 634-35 (Fla. 5th DCA 2004) (*Palma* precluded award of fees for fees under contractual provision that "[i]n the event of any litigation or arbitration proceeding arising out of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and expenses from the losing party, whether incurred before suit is brought, before or at [trial] or the arbitration proceeding, on appeal or in insolvency proceedings"); *Mangel v. Bob Dance Dodge, Inc.,* 739 So. 2d 720, 724 (Fla. 5th DCA 1999) (declining to award fees on fees in enforcement of attorney's fees provisions in settlement agreement and counsel's retainer agreement that were designed to avoid the effect of *Palma*); *see also Ruderman ex rel. Schwartz v. Washington Nat'l Ins. Corp.,* 465 F. App'x 880, 882 (11th Cir. 2012); *Tamar Diamonds, Inc. v. Splendid Diamonds LLC,* 2011 WL 382576, at *7 (S.D. Fla. 2011) (under *Palma,* a party is not entitled to recover fees for fees under contractual provision that "[i]n any dispute between any party, whether in mediation, arbitration or litigation, the prevailing party shall be entitled to recover all reasonable costs incurred and the losing party shall pay all such reasonable costs, including, without limitation, attorney's fees ….").

Second, Chavez's reliance on this recent Fourth District decision (though it certainly supports his argument) is not enough for us to ignore our circuit's broad interpretation of *Palma*'s reach, where it has not been followed by any other Florida appellate court, and may even run counter to earlier (and therefore even more binding) decisions from the same appellate court. *See, e.g., Griffith v. Griffith,* 941 So. 2d 1285,

1286 (Fla. 4th DCA 2006) (declining to award fees on fees in enforcing attorney's fees provision included in marital settlement agreement because, "unless a contractual attorney's fee provision specifically authorizes 'fees for fees,' they are not awardable"); *Mediplex Constr. of Fla., Inc. v. Schaub,* 856 So.2d 13, 15 (Fla. 4th DCA 2003) (declining to award fees on fees in enforcing fee provision in contract because there were no specific provisions authorizing such fees).  It is curious that neither of these two decisions were cited or discussed in *Waverly*, despite the fact that both were applying similar contractual fee provisions – like *Waverly* – but which were not sufficient to distinguish *Palma*'s reach.

Third, Chavez boldly argues that only *Waverly* tackled head-on the fee on fee issue in a case arising purely under contract.  As we just discussed, that claim is not entirely accurate.  It is more accurate to say that *Waverly* is only the first contract-driven case that decided to award fees on fees.  We would be bound by *Waverly* but for the clearly contrary decisions from both inside and outside the Fourth District.  Under those circumstances, we are not bound to follow a state court appellate decision that represents an exception to "settled" Florida law as construed by the Florida Supreme Court and the Eleventh Circuit.[3]  We, instead, are bound to apply Florida law in the manner in which the Florida Supreme Court would approve.  *See, e.g., Molinos Valle*

---

[3]  Chavez points out that commentators have now recognized the new state of the law after *Waverly*.  That too is a bit of an overstatement; the article Chavez relies upon was actually written by the lawyers who prevailed in *Waverly*. See B. Pohl, *"The Right to Recover 'Fees for Fees' Based on a Contractual Prevailing Party the Fee Provision",* Florida Bar Journal (Apr. 2013).  We would not characterize their personal opinions of the breadth of their judicial success as being persuasive and objective commentary with which to ignore more binding judicial decisions from the many other state and federal courts that have examined this issue.

*Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1348 (11th Cir. 2011). Given the continued validity of *Palma,* the failure of any other decision to follow *Waverly,* and the great number of state and federal cases construing *Palma* in a manner that runs counter to Chavez's position, we are more comfortable applying settled Florida law here unless and until the Florida Supreme Court decides otherwise.

Accordingly, the entire amount of fees included in Chavez's supplemental motion will not be awarded. Under Florida law that governs this case, those "fees on fees" are not recoverable. And nothing in the language of the Funds Transfer Agreement points to a specific, agreed-upon provision that awards fees generated in seeking an initial award of fees. The motion is thus Denied.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

A.   Plaintiff's Motion for Attorneys' Fees and Costs [D.E. 189] is **GRANTED** in part and **DENIED** in part. The requested amount for fees and costs should be reduced to $337,330.25. A fee judgment shall be entered on that amount, pursuant to Fed. R. Civ. P. 58.

B.   Plaintiff's Supplemental Motion for Attorney's Fees [D.E. 208] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of January, 2014.

                                                                EDWIN G. TORRES
                                                                United States Magistrate Judge